MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2024 ME 43
Docket:        Ken-23-266
Argued:        February 8, 2024
Decided:       May 30, 2024

Panel:         STANFILL, C.J., and MEAD, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

## WADE T. HAMILTON

v.

## BOARD OF LICENSURE IN MEDICINE

CONNORS, J.

[¶1]  Wade T. Hamilton, M.D., appeals from a denial by the Superior Court (Kennebec County, *Murphy, J.*) of his petition pursuant to M.R. Civ. P. 80C challenging an order of the Board of Licensure in Medicine directing that he undergo a neuropsychological evaluation.[1]  We dismiss the appeal as nonjusticiable because there has been no final agency action and, in any event, the challenged order is moot because Hamilton allowed his medical license to lapse.

---

[1]  Hamilton argues that the Board abused its authority, that the Board violated his rights to due process and free speech, and that the Office off the Attorney General violated 5 M.R.S. § 9055 (2024). Our dismissal of the appeal as nonjusticiable removes any need to consider these arguments.

## I. BACKGROUND

[¶2]  "The following facts are drawn from the administrative record." *See Utsch v. Dep't of Env't Prot.*, 2024 ME 10, ¶ 4, ---A.3d---.[2]

[¶3]  In July 2021, Hamilton, a pediatric cardiologist, recommended that a patient obtain a cardiac magnetic resonance imaging scan (MRI) because, he said, there was "probably something wrong with [the patient's] heart."  He told the patient, however, that because she had received the COVID-19 vaccine, she had been "injected with magnets and heavy metals" and it would not be safe for her to enter an MRI machine.  The patient's mother subsequently contacted the nurse practitioner who had referred the patient to Hamilton and expressed that Hamilton had upset her and her daughter with his statements.  In response, the nurse practitioner filed a report regarding Hamilton with the Board.  *See* 24 M.R.S. § 2505 (2024).[3]

---

[2]  Hamilton challenged the Board's order in a petition for judicial review pursuant to the Maine Administrative Procedure Act, *see* 5 M.R.S. §§ 11001-11008 (2024), and included as an independent claim a declaratory judgment action pursuant to 14 M.R.S. §§ 5951-5963 (2024).  *See* M.R. Civ. P. 80C(i).  He has not, however, pursued on appeal the Superior Court's rejection of the declaratory judgment claim.  Therefore, we rely exclusively on the administrative record.

[3]  Title 24 M.R.S. § 2505 (2024) provides in relevant part:

> Any professional competence committee within this State and any physician or physician assistant licensed to practice or otherwise lawfully practicing within this State shall, and any other person may, report the relevant facts to the appropriate board relating to the acts of any physician or physician assistant in this State if, in the opinion of the committee, physician, physician assistant or other person, the committee or individual has reasonable knowledge of acts of the physician or physician assistant amounting to gross or repeated medical

[¶4]  In conjunction with its investigation following the report, the Board opened a complaint proceeding and requested that Hamilton undergo an evaluation pursuant to 32 M.R.S. § 3286 (2024).[4]  Over time, this request evolved into a demand that Hamilton undergo a neuropsychological evaluation. This demand was contained in an order issued within the administrative complaint docket.  The order was entitled "Order Directing Evaluation," stated that it was issued as a "formal interim Order," and included "preliminary

---

malpractice, misuse of alcohol, drugs or other substances that may result in the physician's or the physician assistant's performing services in a manner that endangers the health or safety of patients, professional incompetence, unprofessional conduct or sexual misconduct identified by board rule.  The failure of any such professional competence committee or any such physician or physician assistant to report as required is a civil violation for which a fine of not more than $1,000 may be adjudged.

[4]  Title 32 M.R.S. § 3286 (2024) provides in relevant part:

Upon its own motion or upon complaint, the board, in the interests of public health, safety and welfare, shall treat as an emergency a complaint or allegation that an individual licensed under this chapter is or may be unable to practice medicine with reasonable skill and safety to patients by reason of mental illness, alcohol intemperance, excessive use of drugs, narcotics or as a result of a mental or physical condition interfering with the competent practice of medicine.  In enforcing this paragraph, the board may compel a physician to submit to a mental or physical examination by a physician or another person designated by the board. Failure of a physician to submit to this examination when directed constitutes an admission of the allegations against the physician, unless the failure was due to circumstances beyond the physician's control, upon which a final order of disciplinary action may be entered without the taking of testimony or presentation of evidence.  A physician affected under this paragraph must, at reasonable intervals, be afforded an opportunity to demonstrate that the physician can resume the competent practice of medicine with reasonable skill and safety to patients.

For the purpose of this chapter, by practicing or by making and filing a biennial license to practice medicine in this State, every physician licensed under this chapter who accepts the privilege to practice medicine in this State is deemed to have given consent to a mental or physical examination when directed in writing by the board and to have waived all objections to the admissibility of the examiner's testimony or examination reports on the grounds that the testimony or reports constitute a privileged communication.

4

findings" to support its demand. Consistent with the language of section 3286, the order warned Hamilton that failure to undergo the evaluation "may constitute an admission of the allegations against him."

[¶5] In response, Hamilton filed a petition for judicial review of agency action pursuant to M.R. Civ. P. 80C, challenging the order.[5] After briefing, the Superior Court issued a decision denying the petition and entering judgment for the Board. Shortly before the issuance of that decision, Hamilton's license in Maine expired and he did not renew it.[6]

## II. DISCUSSION

### A. The Board's interim order was not final agency action.

[¶6] Under the Maine Administrative Procedure Act (APA), we review "final agency action." 5 M.R.S. § 11001(1) (2024). We review nonfinal action only if the review of the final agency action "would not provide an adequate remedy." *Id.*

[¶7] As the challenged order states, consistent with section 3286, if Hamilton refused to undergo an evaluation, the Board might deem that refusal to be an admission of the allegations made against him. Any challenge that

---

[5] As noted above, the petition added a subsequently abandoned claim for declaratory relief.

[6] The administrative record indicates that Hamilton's license expired on May 23, 2023. Hamilton does not contest the Board's assertion that he took no steps to renew his license.

Hamilton wished to make to the order directing the evaluation was fully reviewable at the conclusion of the complaint proceedings, providing Hamilton with an adequate remedy. Thus, his petition is premature and the order is unreviewable under the APA. *See Ne. Occupational Exch., Inc. v. Bureau of Rehab.*, 473 A.2d 406, 410 (Me. 1984) ("[R]eview of nonfinal agency actions should be undertaken only when the parties face the prospect of irreparable injury, with no practical means of procuring effective relief after the close of the proceedings." (quotation marks omitted)).

**B.  Hamilton's appeal is moot.**

[¶8]  Even if not premature, Hamilton's challenge is moot.  Because he is no longer licensed in Maine, the Board no longer has authority to pursue his evaluation. *See* 32 M.R.S. § 3286 ("[T]he board, in the interests of public health, safety and welfare, shall treat as an emergency a complaint or allegation that an individual licensed under this chapter is or may be unable to practice medicine with reasonable skill and safety to patients by reason of mental illness, alcohol intemperance, excessive use of drugs, narcotics or as a result of a mental or physical condition interfering with the competent practice of medicine.  In enforcing this paragraph, the board may compel a physician to

6

submit to a mental or physical examination by a physician or another person designated by the board.").

[¶9] "Except in extraordinary circumstances . . . we will not address issues that have lost their controversial vitality." *A.I. v. State*, 2020 ME 6, ¶ 8, 223 A.3d 910. We may, in our discretion, *see King Res. Co. v. Env't Improvement Comm'n*, 270 A.2d 863, 870 (Me. 1970); 1A C.J.S. *Actions* § 80, apply an exception to this rule and consider an appeal that is moot if

> (1) sufficient collateral consequences will result from the determination of the questions presented so as to justify relief; (2) the appeal contains questions of great public concern that, in the interest of providing future guidance to the bar and public we may address; or (3) the issues are capable of repetition but evade review because of their fleeting or determinate nature.

*A.I.*, 2020 ME 6, ¶ 9, 223 A.3d 910. None of these exceptions apply here.

[¶10] Citing the first exception, Hamilton argues that while the complaint remains pending "[he] cannot obtain licensure in Maine or elsewhere." In support of this assertion, he cites a website that he states shows that "[a]pplications for clinical practice that are received while a complaint or investigation is outstanding against the licensee in any jurisdiction shall be pended and action on the application held until the Board has received results of final action on all complaints and investigations." Even if we could accept this assertion as correct, it would indicate merely that a renewal application

will be suspended until the complaint is resolved, which only underscores that Hamilton should have completed the complaint proceeding.

[¶11]  Hamilton also complains about the stigma of having his name on the Board's disciplinary proceeding webpage.  But that a disciplinary proceeding was commenced, whether that proceeding had merit or not, is a matter of fact that cannot be undone.  Again, Hamilton's avenue for redress was to proceed through the complaint process and, if dissatisfied with that result, to appeal from the Board's final ruling.

[¶12]  Finally, Hamilton argues that this case meets the public interest exception to mootness and is capable of repetition.  We disagree and, in any event, decline his invitation to rule on the arguments he raises given his failure to exhaust his administrative remedies and to present a ripe petition for review.

The entry is:

> Judgment vacated.  Remanded to the Superior Court for dismissal of the petition for judicial review as nonjusticiable.

James E. Belleau, Esq., and Adam R. Lee, Esq. (orally), Trafton, Matzen, Belleau & Frenette, LLP, Auburn, for appellant Wade T. Hamilton

Aaron M. Frey, Attorney General, and Michael B. Miller, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee Board of Licensure in Medicine

Kennebec County Superior Court docket number AP-2022-41
FOR CLERK REFERENCE ONLY